UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Freeman, Teneya D., | ) | Case No. 14-45025-659 |
| | ) | |
|     Debtor, | ) | Chapter 7 Case |
| | ) | |
| | ) | Hon. Kathy A. Surratt-States |
| | ) | Chief U.S. Bankruptcy Judge |
| Nancy J. Gargula, | ) | |
| United States Trustee, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James C. Robinson, Esq., and | ) | |
| Critique Services, LLC, and | ) | |
| Beverly Holmes-Diltz, | ) | |
| | ) | |
|     Respondents. | ) | |

**JOINT ANSWER OF RESPONDENTS DILTZ AND CRITIQUE SERVICES, LLC TO
UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF FEES
AND FOR ORDER TO SHOW CAUSE**

COME NOW Respondents Diltz and Critique Services, LLC and for their answer to the United States Trustee's Motion for Disgorgement of Fees and for Order to Show Cause state as follows:

    1.    Admitted.

    2.    Admitted.

    3.    It is admitted that Beverly Holmes-Diltz is not an attorney. It is denied she has operated a business that provides legal services through contracted employees or agents. Respondent Diltz is the sole member and owner of the business Critique Services, LLC and

neither she nor Critique Services, LLC provides legal services to any individual. Critique Legal Services, LLC was dissolved in 2003. See copies of records of Missouri Secretary of State attached as Exhibit 1.

4. Admitted.

5. Admitted.

6. It is denied that Respondent Robinson has practiced bankruptcy law under the name of Critique Services, LLC. Pursuant to an agreement between Respondent Robinson and Critique Services, LLC, Respondent Robinson has practiced bankruptcy under his own name as an attorney and also d/b/a Critique Services not Critique Services, LLC. It is admitted that Respondent Robinson has used the offices at 3919 Washington Avenue. To the extent any allegation herein is not admitted, it is denied.

7. It is admitted that Respondent Diltz is the owner of Critique Services, LLC and has operated a business from the stated address. Critique Services, LLC has provided business support service to attorneys. It has done so in compliance with an agreement that Critique Services, LLC and Respondent Diltz entered into in July 2007 with the United States Trustee. To the extent that any allegation herein is not admitted, it is hereby denied.

8. Admitted. However, that Order by the Bankruptcy Court was improperly granted and is subject to an appeal still pending.

9. Admitted.

10. Admitted.

11. Admitted.

12. It is admitted that Respondent Robinson agreed to pay Critique Services, LLC a

monthly amount for rent and a minimum monthly amount for billed services that Critique Services, LLC provided to (not by) Respondent Robinson.  It is admitted that Respondent Robinson also agreed to abide by the terms of the 2007 settlement agreement.

  13.  Admitted.

  14.  Admitted.

  15.  Admitted.

  16.  Respondents do not have a copy of the recording of the §341 hearing.  Even though Debtor met with a non-attorney staff member working for Respondent Robinson, that staff member did not advise the Debtor as to what course she should take in filing her Bankruptcy Petition.  The staff member did not advise Debtor that she should file a Chapter 7 bankruptcy case as opposed to any other bankruptcy case.  The staff member did not provide legal advice to the Debtor.  The staff member gathered some financial information so that the attorney could properly advise the Debtor when the Debtor first met with the attorney.  The staff member that the Debtor met with was not a staff member of Respondent Critique Services, LLC or Respondent Diltz, but was a staff member of Respondent Robinson.  All allegations not admitted herein are denied.

  17.  It is denied that the Debtor received any advice from a Respondent Robinson staff member.  Debtor entered into a contract to employ Respondent Robinson and did pay a fee of $299 to another person who worked for Respondent Robinson.  Debtor was given a packet of forms which she was supposed to complete and return to Respondent Robinson.  All allegations not admitted herein are denied.

  18.  Admitted.

19. Denied. Respondent Robinson met with Debtor before his suspension.

20. Admitted.

21. Denied. Any meeting that occurred between the Debtor and a member of Respondent Robinson's staff was consistent with the Settlement Agreement. Such meetings were a necessary and normal part of Respondent Robinson's practice so that when he met with a client, and in this case the Debtor, the Debtor would have gathered all of the financial information necessary for Respondent Robinson to provide appropriate legal advice to the Debtor as his clients.

22. Denied. The practice related is not a violation of any Missouri statutes concerning the unauthorized practice of law. In fact, many attorneys who practice probate law and/or domestic relations law often have paralegals, non-attorneys, meet with clients to gather information in accordance with a prepared form approved by the attorney so that when the attorney meets with the prospective client and/or client that the attorney will have all necessary information to advise the client properly and thoroughly and to serve the client. The gathering of that information by a non-attorney on the staff of an attorney does not violate Missouri statute whether in the case of practicing domestic relations law, probate law, and/or bankruptcy law.

23. Denied. Using non-attorney staff to gather information as opposed to providing legal guidance is not a violation of any Missouri statute and, more specifically, not a violation of §484.010.1 a Mo. Rev. Stat.

24. Admitted.

25. Denied. Whatever the case cited states is for the interpretation of the Court herein.

26. Denied. There are no violations of any Missouri law whether set forth in statute or case law, in any of the practices that occurred with regard to these Debtor and to any others for which the U.S. Trustee has brought motions to disgorge.

27. Denied. Respondents have not violated the 2007 Agreement.

28. The Bankruptcy Statute speaks for itself.

29. Rule 2017 speaks for itself.

30. It is denied that disgorgement of fees is an appropriate remedy in this case.

## Affirmative Defenses

1. The U.S. Trustee has failed to state a claim upon which relief can be granted.

2. The U.S. Trustee has solicited and attempted to perpetuate a claim against all Respondents which has no merit.

WHEREFORE Respondents Critique Services, LLC and Diltz pray that this Honorable Court dismiss the above-captioned matter and assess attorney's fees and costs on their behalf against the U.S. Trustee and otherwise deny the Motion of the U.S. Trustee set forth in this cause and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,
Attorney for Critique Services, LLC and
    Beverly Holmes-Diltz

/s/  Laurence D. Mass
Laurence D. Mass            #30977MO
230 South Bemiston, Suite 1200
St. Louis, Missouri  63105
Phn:   (314) 862-3333, Ext. 20
Fax:   (314) 862-0605
Email: laurencedmass@att.net

## **CERTIFICATE OF SERVICE**

       By signature above I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court, Eastern District of Missouri by using the CM/ECF system, and that a copy will be served by the CM/ECF system upon those parties indicated by the CM/ECF system.

                                                        By: /s/  Laurence D. Mass

cc:    Teneya D. Freeman
        3936 Dellago
        Florissant, Missouri  63034

        Stuart J. Radloff, Esq.
        Chapter 7 Panel Trustee
        13321 N. Outer 40 Road, Suite 800
        St. Louis, Missouri   63017

| | | |
|---|---|---|
| Paul A. Randolph | Email: | paul.a.randolph@usdoj.gov |
| James C. Robinson, Esq. | Email: | attorneyjrobinson@hotmail.com |
| Ross H. Briggs, Esq. | Email: | r-briggs@sbcglobal.net |